

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 50018 | **DATE** | 6/21/2002 |
| **CASE TITLE** | U.S.A. vs. STRONG | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  For the reasons stated on the reverse Memorandum Opinion and Order, the § 2255 motion and supplemental motion are denied. Motions for discovery and evidentiary hearing are denied. Request for production of transcripts and other documents denied.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | JUN 21 2002 | 33 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| X | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| X | Copy to judge/magistrate judge. | | 6-21-02 | |
| | | | date mailed notice | |
| /SEC | courtroom deputy's initials | 2002 JUN 21 PM 3:45 | RW | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

(Reserved for use by the Court)

# MEMORANDUM OPINION AND ORDER

Antonio Strong, a federal prisoner serving a sentence for convictions of 21 U.S.C. §§ 846 and 841(a)(1), has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. At the same time, Strong filed a "motion to amend and or supplement § 2255" and a motion for production of transcript. In his § 2255 motion, Strong raises two claims: (1) his trial attorney, Steven R. Decker, was ineffective in the negotiation of his guilty plea; and (2) his subsequent trial and appellate attorney, Frederick F. Cohn, was ineffective for allowing him to proceed pursuant to the plea agreement and, on appeal, for not raising the issue of whether Strong had knowingly and voluntarily entered into his plea agreement. In his later filed pleading with affidavits and other material to supplement his § 2255 motion he claims attorney Decker had a conflict that was made known to this court and it failed to adequately investigate the conflict.[1] Subsequently, he filed motions for discovery and for an evidentiary hearing. The Government has filed a consolidated response.

Initially, the Government asserts that Strong in his plea agreement waived his right to collaterally attack his **conviction** except for the court's determinations regarding application of U.S.S.G. § 3B1.1 and Strong's Criminal History Category and any claim of involuntariness, or effective assistance of counsel, which relates directly to the waiver or its negotiation. Waiver of the right to file a motion under § 2255 is enforceable but only if it is done knowingly and voluntarily and if the defendant cannot establish a claim of ineffective assistance of counsel in connection with negotiating the waiver in the plea agreement. See Jones v. United States, 167 F.3d 1142, 1145 (7th Cir. 1999). Nonetheless, here Strong's agreement waived his right to collaterally attack his **sentence**, with certain exceptions, and he may in this § 2255 motion raise constitutional issues not associated with his sentence. See Bridgeman v. United States, 229 F.3d 589, 591-92 (7th Cir. 2000). On the merits of his claims, however, Strong loses anyway.

Strong contends attorney Decker was ineffective during the negotiation of the plea agreement resulting in his guilty plea. In this respect, Strong claims he and Decker were in a conflict because he had pending an A.R.D.C. complaint against Decker. He recites summarily that this conflict and Decker's "botching the Petitioner's bond, . . . withdrawing the suppression motion" and entering a plea contract including known misstatements all show ineffective assistance of counsel. (Pet. brief p. 12.) The standard for determining effectiveness of counsel is under Strickland v. Washington, 455 U.S. 668 (1984). See id. at 687-91. Strong's general assertions fail to establish deficient performance or prejudice. Further, the transcript of the plea of guilty proceeding belies any claim that Strong did not knowingly and voluntarily enter the plea agreement and plead guilty and chose to do so with attorney Decker knowing of Strong's previous dissatisfaction with Decker. Furthermore, Strong's claim that his retained attorney for sentencing who replaced Decker, Frederick F. Cohn, was ineffective for allowing him to proceed pursuant to the plea agreement is equally nonmeritorious. Strong has failed to show any adequate basis for withdrawal of the guilty plea under Fed.R.Crim.P. 32(e). Thus no prejudice has been shown. See United States v. Bjorkman, 270 F.3d 482, 502-03 (7th Cir. 2001), cert. denied, ___ S.Ct. ___, 2002 WL 243207 (May 28, 2002). Cohn, who was Strong's appellate attorney, cannot be faulted for not raising this nonmeritorious issue on direct appeal nor would the issue likely be one to raise on direct appeal – but instead in a § 2255 motion where most claims of ineffective assistance of counsel are brought. Finally, any claim made against an attorney Pruzack in this § 2255 motion is frivolous. Pruzack never appeared as his counsel in this case and Strong disavowed in his Rule 11 plea colloquy that Pruzack represented him or gave him any advice in the case.

In a separate pleading Strong seeks to amend or supplement his § 2255 motion to include a claim that Decker had a conflict known to the court which it did not adequately investigate. The matter was inquired into by the court at several court hearings and at his guilty plea hearing Strong, under oath, denied there was an existing conflict and expressed his satisfaction with attorney Decker's advice and efforts as his attorney.

In summary, there is no showing of the denial of a constitutional right and the § 2255 motion and supplemental motion are denied.

This court finds no basis for discovery or an evidentiary hearing and denies both motions. Strong's request for production of transcripts and other documents are denied.

---

[1] Strong's conviction and sentence were affirmed on direct appeal in an unpublished order per Circuit Rule 53 wherein he raised various sentencing issues. See United States v. Strong, No. 01-2067, 2002 WL 378153 (7th Cir. Mar. 8, 2002).

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
### Western Division

United States of America

v.

Antonio Strong

**JUDGMENT IN A CIVIL CASE**

Case Number: 02 C 50018

☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■ Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that Antonio Strong's § 2255 motion and supplemental motion are denied. Motions for discovery and evidentiary hearing are denied. Request for production of transcripts and other documents denied.

FILED-WD 2002 JUN 21 PM 3:45 U.S. DISTRICT COURT

Michael W. Dobbins, Clerk of Court

Date: 6/21/2002

Susan M. Wessman, Deputy Clerk